IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTOINE M. WILLIAMS
Plaintiff                                            *

v.                                                   *     Civil Action No. WDQ-15-525

JUDGE VICKKI B. WATTS                                *
JUDGE H. PATRICK STRINGER
HOWARD E. GOLDMAN, P.A.                              *
Defendants

## ORDER

The above-styled case was filed on February 24, 2015, together with a Motion for Leave to Proceed in Forma Pauperis. ECF 2. Because he appears to be indigent, the Plaintiff's motion to proceed in forma pauperis (ECF No. 2) shall be granted.

The Complaint, which includes a request for money damages and a request for injunctive relief,[1] concerns the Plaintiff's divorce and child visitation rights adjudicated in the Circuit Court for Baltimore County. ECF 1, p. 2. He claims that his attorney, Howard E. Goldman and two Circuit Court judges have acted improperly by amending a court order without providing reasons for same. *Id.*, p. 3.

This court is a court of limited jurisdiction. Before the merits of a claim may be considered, jurisdictional requirements must be met. A matter pending before this Court must either present a federal question or concern a matter between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332. The Plaintiff identifies the Defendants as residents of Maryland. He, too, is a resident of Maryland. The Plaintiff therefore fails to meet the jurisdictional requirement for this Court to exercise its diversity jurisdiction.

---

[1] The Plaintiff seeks to enjoin a state court order placing him on probation. ECF No. 1, p. 4.

To the extent the self-represented Complaint invokes federal question jurisdiction, the Complaint does not present a cognizable claim.[2] The underlying matter is one over which this Court has no subject matter jurisdiction. Domestic relations cases, including child custody matters, may not be heard in this Court. *See Raftery v. Scott*, 756 F. 2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F. 2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights); *Cantor v. Cohen*, 442 F.3d 196 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting federal courts "generally abstain from child custody matters). The Complaint must be dismissed for lack of jurisdiction and the request for injunctive relief denied.

Accordingly, it is this 30 day of March, 2015, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Plaintiff's Motion to Proceed in Forma Pauperis (ECF 2) IS GRANTED;

2. The Complaint IS DISMISSED for lack of jurisdiction;

3. The Clerk SHALL PROVIDE a copy of this order to the Plaintiff; and

4. The Clerk SHALL CLOSE this case.

_____
William D. Quarles, Jr.
United States District Judge

---

[2] Moreover, the Plaintiff's Complaint may not proceed as to Judges Watts and Stringer as they are immune from suit. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335 (1872).